UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY A. GARCIA,

    Plaintiff,

v.                                           Case No. 4:19cv407-MW-HTC

MARK S. INCH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a first and second amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc 7. The complaints are now before the Court for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons which follow, the undersigned respectfully recommends that this action be dismissed for abuse of the judicial process and for failure to follow orders of the Court. Specifically, Plaintiff failed to disclose at least three (3) prior cases that he filed, including one prior case which was dismissed for failure to state a claim. Additionally, Plaintiff failed to file a motion for leave to proceed *in forma pauperis*, despite being directed to do so, and filed a second amended complaint without leave from the Court and in contravention of this Court's prior orders.

Plaintiff initiated this action by filing a Complaint, which was docketed on August 21, 2019. ECF Doc. 1. Plaintiff's initial complaint, however, was not filed on the Court's required forms and thus Plaintiff was given until October 23, 2019 (after an extension was granted), to file an amended complaint and to pay the filing fee or file an appropriate motion. ECF Doc. 5. Plaintiff filed his first amended complaint by submitting it to prison officials for mailing[1] on September 23, 2019 and filed a second amended complaint by delivering it to prison mail officials on October 23, 2019. ECF Docs 6 & 7. Plaintiff still has not filed a motion to proceed *in forma pauperis* or paid the filing fee. Therefore, as an initial matter, he has not complied with this Court's orders.

Moreover, and as additional ground for the undersigned's recommendation of dismissal, the undersigned finds that Plaintiff has abused the judicial process by making false statements under penalty of perjury regarding his prior cases. These false statements were made on Plaintiff's first amended complaint. As directed, Plaintiff's first amended complaint was filed on the Court's official form for § 1983 actions by prisoners. ECF Doc. 6. At the end of the complaint form, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING

---

[1] *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

Case No. 4:19cv407-MW-HTC

ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 7. Despite that declaration, Plaintiff made false representations on the complaint form.

Section IV of the civil rights complaint form, titled Previous Lawsuits, asks: "C. Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 6 at 4. The form requires Plaintiff to identify and describe any cases responsive to the questions. Plaintiff checked "No" in response to each question of his first amended complaint and did not disclose any prior cases.

Thus, Plaintiff swore that, at the time he filed the first amended complaint on September 23, 2019, he had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service, and had not filed any federal cases related to the fact or manner of his incarceration. Yet, Plaintiff had filed at least one prior civil rights case which was dismissed for failure to state a claim and at least two prior habeas cases, which were dismissed as well.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Court may take judicial notice that at the time Plaintiff filed his first amended complaint in this case, September 23, 2019, he had filed under his name and Florida Department of Corrections registration number, X20235, at least the following cases which he failed to disclose to the Court:

> 4:17-cv-00207-WS-CAS--*Garcia v. Florida Department of Corrections* et al (dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii));
>
> 4:17-cv-00229-RH-EMT--*Garcia v. Attorney General* (transferred to the FLMD where it was then dismissed in 6:17-cv-00198-JA-KRS *Garcia v. Secretary, Department of Corrections et al.*);

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This three-strikes rule is not the basis for the recommendation of dismissal here because only one of the prior eight (8) cases was dismissed for failure to state a claim.

Case No. 4:19cv407-MW-HTC

He also filed another § 2254 petition in the Middle District of Florida, which was denied on the merits: 6:17-cv-00935-RBD-GJK *Garcia v. Attorney General, State of Florida, et al*.

Plaintiff did not disclose these prior federal actions despite the complaint form's clear instructions. The Court has the authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] (ECF Doc 6 at 3). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 4:19cv407-MW-HTC

Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Finally, although Plaintiff filed a second amended complaint, he did not seek leave to do so as required by Federal Rule of Civil Procedure 15(a). Additionally, the second amended complaint is improper because it was not filed on the Court's required form, as Plaintiff was instructed he must use. Furthermore, Plaintiff did not address his prior filing history at all in the second amended complaint and therefore did not correct any misrepresentations made on the first amended complaint but instead continued his omissions to the Court. ECF Doc. 7.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Plaintiff's abuse of the judicial process and for Plaintiff's failure to follow the Court's orders.

2.     That the clerk be directed to close the file.

Done in Pensacola, Florida, this 4th day of November, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv407-MW-HTC